UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOHN E. VILLEGAS, *et al*, | § | |
| | § | |
|     Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 2:13-CV-343 |
| | § | |
| MICHAEL B. SCHMIDT, | § | |
| | § | |
|     Defendant. | § | |

## ORDER

Before the Court is "Michael B. Schmidt's Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6) and the *Barton* Doctrine" (D.E. 7). For the reasons stated below, the Motion is GRANTED.

## BACKGROUND

Plaintiffs BFG Investments, L.L.C. (Investments) and BFG Development, Inc. (Development) were both owned by Plaintiff John E. Villegas (Villegas). Both Investments and Development filed for relief under Chapter 11 of the United States Bankruptcy Code in 2005. When the cases were converted to Chapter 7 in 2006, Michael B. Schmidt (Schmidt) was appointed to act as the Chapter 7 Trustee for Investments and Lisa Nichols served as Trustee for Development.

Plaintiffs filed their Complaint (D.E. 1), alleging that the Bankruptcy Judge issued void[1] orders that deprived Plaintiffs of their property. In particular, Villegas complains that he lost all value in the corporations when the automatic stay of 11 U.S.C. § 362 was

---

[1] The Complaint does not detail why the orders are allegedly void.

lifted to allow creditors to collect against corporate property without the benefit of insurance proceeds.  Plaintiffs allege that the properties had been insured by Nationwide Insurance (Nationwide) and that the insurance should have been made available to satisfy creditors.  Nationwide denied having issued any coverage and a cause of action against Nationwide was scheduled as property of the estate valued at $10 million.  However, Schmidt did not pursue that claim and it was abandoned.  Investments' Chapter 7 bankruptcy has been closed.

This action is not filed as an appeal of any order of the Bankruptcy Court.  Instead, Plaintiffs file this action under 28 U.S.C. § 1334(b) as a case that "arises under," "arises in," or is "related to" a case under Title 11 of the United States Code (Bankruptcy Code).  They seek a declaratory judgment pursuant to 28 U.S.C. § 2201(a) that the Bankruptcy Court's orders were void and they sue Schmidt for his failure to pursue litigation against Nationwide, which they allege was grossly negligent and a breach of fiduciary duty.

Schmidt's Motion to Dismiss (D.E. 7) states that the *Barton* doctrine requires Plaintiffs to seek leave from the Bankruptcy Court before they can sue Schmidt as Chapter 7 Trustee.  No such leave was sought or obtained.  Schmidt also challenges the parties' standing, and complains that Villegas is enjoined from asserting any rights held by Investments and that no claim regarding Developments is appropriate because Schmidt did not serve as Chapter 7 Trustee for that entity.

### A. *Barton* Doctrine and Standing

The *Barton* doctrine recognizes an appointing court's exclusive in rem jurisdiction over the property administered by an appointed receiver and the importance of

maintaining centralized control over all claims against the property and all claims regarding the manner in which the administration is proceeding. *Barton v. Barbour*, 104 U.S. 126 (1881). The doctrine originated with a railroad receiver but has been applied to bankruptcy trustees and includes actions seeking bankruptcy estate property as well as actions against the trustee for conduct during the pendency of the bankruptcy case. *E.g., In re Crown Vantage, Inc.*, 421 F.3d 963 (9th Cir. 2005); *Muratore v. Darr*, 375 F.3d 140, 145-47 (1st Cir. 2004). The doctrine's application does not end when the bankruptcy case is closed. *Muratore, supra* at 147.

Part of the rationale for the *Barton* doctrine is the appointing court's exclusive jurisdiction over the property of the estate and part of the rationale is the quasi-judicial immunity derived from the court that appointed the trustee. *E.g.*, *Barbee v. Price Waterhouse, L.L.P. (In re Solar Financial Services, Inc.)*, 255 B.R. 801, 805 (Bankr. S.D. Fla. 2000). It does not matter that Plaintiffs may seek to recover from Schmidt rather than from the bankruptcy estate he was charged with administering. *Id*. The *Barton* doctrine requires obtaining leave from the appointing court for either type of claim.

While the United States Bankruptcy Court for the Southern District of Texas acts as part of the United States District Court for the Southern District of Texas, this particular District Court was not the court that appointed Schmidt as Chapter 7 Trustee. Therefore, Plaintiffs have failed to state a claim upon which relief may be granted by failing to comply with the *Barton* doctrine. This matter is dismissed pursuant to Fed. R. Civ. P. 12(b)(6). For that reason, the Court does not reach Schmidt's additional grounds for dismissal.

## CONCLUSION

For the reasons set out above, the Court GRANTS "Michael B. Schmidt's Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6) and the *Barton* Doctrine" (D.E. 7). This action is DISMISSED in its entirety.

ORDERED this 4th day of April, 2014.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE